**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERTO MARTINEZ-
COBARUBIAS,

      Defendant-Appellant.

No. 07-2298
(D.C. No. 07–cr–00926–JB–1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Defendant pled guilty to illegally reentering the United States as a deported

alien and was sentenced to a forty-six month term of imprisonment. Pursuant to

*Anders v. California*, 386 U.S. 738 (1967), Defendant's counsel has filed a

motion to withdraw and a corresponding brief stating that he has found no non-

frivolous issues to raise on appeal. The government declined to file a response

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
    After examining the briefs and the appellate record, this panel has
determined unanimously to grant counsel's request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f).

brief, and Defendant himself has not responded or raised any additional points.

In his *Anders* brief, defense counsel raises two potential issues for appeal. First, Defendant could potentially challenge the voluntary nature of his guilty plea. However, the record on appeal contains nothing that would support such a challenge, instead reflecting that Defendant signed the plea agreement, which represented that the plea was freely and voluntarily made, after reading and reviewing every part of it with his attorney in his native language. Second, Defendant could potentially challenge his sentence. However, as defense counsel notes, Defendant in fact benefitted from a downward departure under the Guidelines. Because the district court accepted Defendant's argument that his criminal history category of IV significantly overstated his criminal past, it calculated the range for his sentence based on a criminal history category of III. The record also demonstrates that the district court carefully considered the factors set out in 18 U.S.C. § 3553(a) in deciding that a sentence of forty-six months, at the bottom of the new sentencing range, would be appropriate.

After reviewing the record, we agree with defense counsel that there are no meritorious issues to raise on appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-2-